UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 00-4556

SHERRARD GATHERS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-99-71)

Submitted: January 10, 2001

Decided: February 6, 2001

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Herbert Coleman Clay, LAW OFFICE OF HERBERT C. CLAY, Marion, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Sherrard Gathers appeals his 18 U.S.C.A. § 924(c)(1) (West 2000) conviction and his 18 U.S.C. § 922(g)(1) (1994) conviction. Gathers contends that the evidence was insufficient to support either conviction. We disagree.

To sustain a conviction, the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). The government is entitled to all reasonable inferences from the facts established to those sought to be established. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). Furthermore, we are bound by the credibility choices of the jury and we do not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Gathers asserts that the evidence was insufficient to sustain his § 924(c)(1) conviction. To establish a violation of § 924(c)(1), the government must prove (1) the defendant used or carried a firearm (2) during and in relation to (3) a drug trafficking offense. *United States v. Lipford*, 203 F.3d 259, 265-66 (4th Cir. 2000). Gathers only contests the sufficiency of the evidence as it relates to the finding that he carried the gun.

"[K]nowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner" satisfies the "carry" prong of § 924(c)(1). *United States v. Mitchell*, 104 F.3d 649, 653 (4th Cir. 1997) (citations omitted). Ready accessibility is not required. Knowingly possessing and transporting a firearm in the trunk of a car suffices. *Muscarello v. United States*, 524 U.S. 125, 131 (1998); *Mitchell*, 104 F.3d at 653. The evidence demonstrates that Gathers transported the gun at issue in the trunk of a car he co-owned and was driving at the time of his arrest, and in which he was transporting crack cocaine. The only question is whether there was sufficient evidence to find that he possessed the weapon knowingly.

Without being questioned or otherwise provoked, Gathers asked one of the investigating officers what took so long to find the gun that officers discovered in the trunk of the car he had been driving. Gathers told another inmate that Gathers himself had put the gun in the trunk and that he owned the gun. This evidence suffices to establish that Gathers knowingly transported the gun.

Gathers also contends that the evidence was insufficient to sustain his § 922(g)(1) conviction. To establish a violation of 18 U.S.C. § 922(g)(1), the government must show that the defendant knowingly possessed a firearm after having been previously convicted of a felony. *United States v. Blue*, 957 F.2d 106, 107 (4th Cir. 1992). Gathers only contests the possession element.

Possession of a firearm for the purposes § 922(g) may be actual or constructive, *id.*, and may be proven by direct or circumstantial evidence. *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996). Because there is no evidence that Gathers actually possessed the firearm, the inquiry focuses on constructive possession.

Constructive possession may be proven by demonstrating "'that the defendant exercised, or had the power to exercise, dominion and control over the item.'" *Burgos*, 94 F.3d at 873 (quoting *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992)). Officers found the gun in the trunk of the car Gathers was driving and of which Gathers was the co-owner. Furthermore, as discussed above, the evidence was sufficient to support a finding that Gathers knew that the gun was in the trunk, that he put it there, and that he owned it. This evidence was sufficient to demonstrate that Gathers had the potential to exercise dominion and control over the gun and that he knew he had this potential.

Accordingly, we affirm Gathers' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*